KSC/10.07.24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No.: 1:24-CR-289-BAH |
| | * | |
| QIHAI TAO, | * | (Conspiracy to Commit Money |
| MICHAEL MICKLOS, JR. | * | Laundering, 18 U.S.C. § 1956(h); |
| CAN XU, | * | Conspiracy to Distribute Marihuana, 21 |
| PRAVEEN MORGAN, | * | U.S.C. 846; Possession of a Firearm by a |
| MICHAEL TILMON, III, | * | Prohibited Person, 18 U.S.C. § 922(g); |
| EMANUEL DUKES, | * | Forfeiture, 18 U.S.C. § 982(a)(1) and |
| STEVEN MACK, | * | (b)(1), 21 U.S.C. § 853(a)(1) and (2), 18 |
| WILLIAM BROWN, III, | * | U.S.C. § 924(d), 28 U.S.C. § 2461(c), and |
| MALIK BRIDGERS, | * | 21 U.S.C. §853(p)) |
| DAVID HILLIARD, III, | * | |
| DERIAN GREEN, | * | |
| HUAYI ZHONG, | * | |
| ZEBIN LIU, | * | |
| CHUNBING QIN, | * | |
| PENG HUANG, | * | |
| ISAAC HUYNH, and | * | |
| LI CHEN, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**SUPERSEDING INDICTMENT**

**COUNT ONE**
(CONSPIRACY TO COMMIT MONEY LAUNDERING)

The Grand Jury for the District of Maryland charges:

**THE CONSPIRACY**

1. From a date unknown to the Grand Jury but no later than December 2023 and continuing until in or around September 2024, in the District of Maryland, and elsewhere, the defendants,

>                     **QIHAI TAO,**
>             **MICHAEL MICKLOS, JR.**
>                      **CAN XU,**
>                **PRAVEEN MORGAN,**
>              **MICHAEL TILMON, III,**
>                 **EMANUEL DUKES,**
>                  **STEVEN MACK,**
>               **WILLIAM BROWN, III,**
>                **MALIK BRIDGERS,**
>               **DAVID HILLIARD, III,**
>                  **DERIAN GREEN,**
>                   **HUAYI ZHONG,**
>                     **ZEBIN LIU,**
>                  **CHUNBING QIN,**
>                   **PENG HUANG,**
>                **ISAAC HUYNH, and**
>                     **LI CHEN,**

did knowingly combine, conspire, and agree with each other, and other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

  a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, a conspiracy to distribute and the distribution of a controlled substance, in violation of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

  b. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is a conspiracy to distribute and the distribution of a controlled substance, in violation

2

of 21 U.S.C. §§ 841 and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

2.  It was part of the conspiracy that, at all times relevant to the indictment, defendants **MICKLOS, BRIDGERS, MORGAN, TILMON, DUKES, MACK, HILLIARD, BROWN,** and **GREEN** (collectively, the "Baltimore Distributors") were engaged in the distribution of marihuana in the District of Maryland, and elsewhere.

3.  It was further part of the conspiracy that the Baltimore Distributors and other persons known and unknown to the Grand Jury engaged the services of defendant **XU** to launder the proceeds of their marihuana trafficking activity and supply additional marihuana for distribution.

4.  It was further part of the conspiracy that the Baltimore Distributors and other persons known and unknown to the Grand Jury engaged in a consistent pattern of transporting marihuana trafficking proceeds to **XU** for the purpose of promoting their marihuana trafficking activity. On a regular basis, one of the Baltimore Distributors or their co-conspirator(s) would collect a bulk quantity of marihuana trafficking proceeds in the form of U.S. currency and transport the proceeds to an agreed-on meeting place to conduct an exchange with one or more of **XU**'s co-

conspirators. During these meetings, one of the Baltimore Distributors or their co-conspirator(s) would transfer the marihuana trafficking proceeds to **XU**'s co-conspirator(s), who would in turn provide the Baltimore Distributor with a previously agreed-on quantity of marihuana intended for distribution.

5.  It was further part of the conspiracy that the defendants and others known and unknown to the Grand Jury conducted multiple financial transactions that were designed to conceal the nature, location, source, ownership, and control of the marihuana trafficking proceeds. These transactions included moving the proceeds between multiple individuals and/or locations, commingling the Baltimore Distributors' marihuana trafficking proceeds with other cash proceeds, transporting marihuana trafficking proceeds across state lines in commercial vehicles, and shipping the proceeds across state lines using common carriers.

6.  The following examples are illustrative of the money laundering activity conducted by the defendants and their co-conspirators:

   a. On or about March 21, 2024, **TILMON** met **CHEN** at 808 Glen Eagles Court, Towson, Maryland 21286, a storage facility used by **MICKLOS** and his co-conspirators to conduct marihuana trafficking activity. **CHEN** provided large bags containing a bulk quantity of marihuana to **TILMON**, and **TILMON** gave **CHEN** a blue and white cardboard box containing marihuana trafficking proceeds. **CHEN** transported the box containing the proceeds to his residence located at 6020 3rd Avenue, Apartment 2B, Brooklyn, New York. On or about March 22, 2024, investigators recovered the box and two bags containing approximately $457,480 in U.S. currency and approximately 127 pounds of

4

marihuana from **CHEN**'s residence, as well as an additional $159,600 in U.S. currency from a bag **CHEN** was carrying on his person.

b. On or about April 22, 2024, **GREEN**, acting as a courier for **BRIDGERS**, travelled from Maryland to New York to transfer marihuana trafficking proceeds to an unindicted co-conspirator ("CC1"). **GREEN** transferred a bag containing marihuana trafficking proceeds to CC1, who transported the bag to 136-18 Maple Avenue, Apartment PH 1C, Flushing, New York. After executing a search warrant at the location, investigators recovered approximately $685,605 in marihuana trafficking proceeds.

c. In or around June and July 2024, **XU**, **ZHONG**, **HUYNH**, and others known and unknown to the Grand Jury conducted a series of transactions intended to deliver marihuana trafficking proceeds to **TAO**. **XU**, **ZHONG**, and others known and unknown to the Grand Jury transported marihuana trafficking proceeds to **HUYNH**'s residence in Brooklyn, New York. **HUYNH** then shipped the proceeds via FedEx to an address in Oregon. Intercepted calls between **XU** and **TAO** showed that the proceeds were ultimately intended to be transported along a "Seattle route" used by **XU** and his co-conspirators. Investigators intercepted these shipments and recovered over $650,000 in marihuana trafficking proceeds.

d. On or about August 1, 2024, **MACK**, acting as a courier for **MICKLOS**, travelled from Maryland to New York to transfer marihuana trafficking

proceeds to **ZHONG**, acting on behalf of **XU**. An intercepted SMS message from **XU** to **MICKLOS** confirmed that **MACK** provided **ZHONG** $113,255.

e. On or about August 22, 2024, **MACK**, acting as a courier for **MICKLOS**, travelled from Maryland to New York to transfer marihuana trafficking proceeds to **XU**. An intercepted call between **XU** and **MACK** confirmed that **MACK** provided **XU** $289,700.

7. The money laundering activity of the conspiracy was not limited to the above examples. Over the course of the conspiracy, the defendants and their co-conspirators have laundered at least $5 million in marihuana trafficking proceeds, all for the purpose of promoting the continuing marihuana trafficking offense or concealing the nature, source, location, ownership, or control of the marihuana trafficking proceeds being transferred.

18 U.S.C. § 1956(h)

## COUNT TWO

(CONSPIRACY TO DISTRIBUTE MARIHUANA)

The Grand Jury for the District of Maryland further charges:

From a date unknown to the Grand Jury but no later than December 2023 and continuing until in or around September 2024, in the District of Maryland, and elsewhere, the defendants,

**QIHAI TAO,**
**MICHAEL MICKLOS, JR.**
**CAN XU,**
**PRAVEEN MORGAN,**
**MICHAEL TILMON, III,**
**EMANUEL DUKES,**
**STEVEN MACK,**
**WILLIAM BROWN, III,**
**MALIK BRIDGERS,**
**DAVID HILLIARD, III,**
**DERIAN GREEN,**
**HUAYI ZHONG,**
**ZEBIN LIU,**
**CHUNBING QIN,**
**PENG HUANG, and**
**LI CHEN,**

did knowingly combine, conspire, confederate, and agree with each other and persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(C)

## COUNT THREE
### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about May 13, 2024, in the District of Maryland, the defendant,

**MICHAEL TILMON, III,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a tan and black Glock 17 handgun with a Polymer80 handle, bearing serial number AAMC230, with an auto sear attached thereto, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)

## COUNT FOUR
### (Possession of Firearms by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about September 26, 2024, in the District of Maryland, the defendant,

**STEVEN MACK,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, an IWI MP Uzi .22 caliber firearm bearing serial number W1007370 and a Polymer80 9mm handgun with a laser sight attached thereto, and the firearms were in and affecting commerce.

18 U.S.C. § 922(g)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with and 18 U.S.C. § 982(a)(1) and (b)(1), 21 U.S.C. § 853(a)(1) and (2), 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), in the event of the defendants' convictions under Counts One through Four of this Superseding Indictment.

### Money Laundering Forfeiture

2. Upon conviction of the offense alleged in Count One of this Superseding Indictment, the defendants,

**QIHAI TAO,**
**MICHAEL MICKLOS, JR.**
**CAN XU,**
**PRAVEEN MORGAN,**
**MICHAEL TILMON, III,**
**EMANUEL DUKES,**
**STEVEN MACK,**
**WILLIAM BROWN, III,**
**MALIK BRIDGERS,**
**DAVID HILLIARD, III,**
**DERIAN GREEN,**
**HUAYI ZHONG,**
**ZEBIN LIU,**
**CHUNBING QIN,**
**PENG HUANG,**
**ISAAC HUYNH, and**
**LI CHEN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1) and (b)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

### Narcotics Forfeiture

3. Upon conviction of the offense alleged in Count Two of this Superseding Indictment, the defendants,

> **QIHAI TAO,**
> **MICHAEL MICKLOS, JR.**
> **CAN XU,**
> **PRAVEEN MORGAN,**
> **MICHAEL TILMON, III,**
> **EMANUEL DUKES,**
> **STEVEN MACK,**
> **WILLIAM BROWN, III,**
> **MALIK BRIDGERS,**
> **DAVID HILLIARD, III,**
> **DERIAN GREEN,**
> **HUAYI ZHONG,**
> **ZEBIN LIU,**
> **CHUNBING QIN,**
> **PENG HUANG, and**
> **LI CHEN,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2):

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearms Forfeiture

4. Upon conviction of the offense(s) alleged in Counts Three or Four of this Superseding Indictment, the defendants,

> **MICHAEL TILMON, III, and**
> **STEPHEN MACK,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

5. The property to be forfeited includes, but is not limited to:

   a. a forfeiture money judgment in the amount of money involved in the money laundering conspiracy described in Count One;

   b. a forfeiture money judgment in the amount of proceeds each defendant obtained as a result of Count Two;

   c. approximately $179,915 in U.S. currency seized during the search of a black Toyota Camry on or about March 7, 2024; and

   d. approximately $159,600 in U.S. currency seized from CHEN's person on or about March 22, 2024;

   e. approximately $457,480 in U.S. currency seized from 6020 3rd Avenue, Apartment 2B, Brooklyn, New York on or about March 22, 2024;

   f. approximately $454,520 in U.S. currency seized from BROWN's blue Toyota Camry on or about April 18, 2024;

   g. approximately $639,493 in U.S currency seized from TILMON's person pursuant to his arrest and during the execution of a search and seizure warrant at 1005 Warwick Drive, apartment 2A, Aberdeen, Maryland on or about May 13 and May 14, 2024;

   h. approximately $90,000 in U.S. currency seized from the person of CC1 on or about April 22, 2024;

   i. approximately $595,605 in U.S. currency seized during the execution of a search and seizure warrant at 136-18 Maple Avenue, Apt. PH 1C, Flushing, New York on or about April 23, 2024;

   j. approximately $679,050 in U.S. currency seized from HUYNH during the execution of search and seizure warrants on numerous FedEx boxes on or about July 2 and 3, 2024;

   k. approximately $102,756 in U.S. currency seized during the execution of a search and seizure warrant at 28-40 Jackson Avenue, Apt 16D, Long Island City, New York on or about July 24, 2024;

l.    approximately $80,820 seized from a black Dodge Caravan in Queens, New York on or about August 28, 2024;

m.    approximately $282,016 in U.S. currency seized from a Chevrolet Suburban driven by GREEN in and around Cecil County, Maryland on or about September 17, 2024;

n.    approximately $57,695 in U.S. currency seized during the execution of a search and seizure warrant at 19 Tony Court, Staten Island, New York on or about September 24, 2024;

o.    a Rolex wristwatch seized during the execution of a search and seizure warrant at 19 Tony Court, Staten Island, New York on or about September 24, 2024;

p.    approximately $131,706 in U.S. currency seized during the execution of a search and seizure warrant at 715 Katan Avenue, Staten Island, New York on or about September 24, 2024;

q.    approximately $2,070 seized from LIU's person during the execution of a search and seizure warrant on or about September 24, 2024;

r.    approximately 30 pieces of assorted jewelry, seized during the execution of a search and seizure warrant at 20 Poi Court, Staten Island, New York on or about September 24, 2024;

s.    approximately $328,727 in U.S. currency seized during the execution of a search and seizure warrant at 20 Poi Court, Staten Island, New York on or about September 24, 2024;

t.    approximately $117,630 in U.S. currency seized during the execution of a search and seizure warrant at 1914 West 10th Street, Apartment R1, Brooklyn, New York on or about September 24, 2024;

u.    approximately $1,073 in U.S. currency seized from HUYNH's person during the execution of a search and seizure warrant on or about September 24, 2024;

v.    approximately $79,075 in U.S. currency seized during the execution of a search and seizure warrant at 13416 36th Road, Apartment 4E, Flushing, New York on or about September 24, 2024;

w.    approximately $77,361 in U.S. currency seized during the execution of a search and seizure warrant at 35-08 146th Street, Apartment 4B, Flushing, New York on or about September 24, 2024;

x. approximately $56,520 in U.S. currency seized during the execution of a search and seizure warrant at 34-15 Jordan Street, Flushing, New York on or about September 24, 2024;

y. approximately $13,120 in U.S. currency seized during the execution of a search and seizure warrant at 4025 Utopia Parkway, 1st Floor, Flushing, New York on or about September 24, 2024;

z. an Audemars Piguet wristwatch seized during the execution of a search and seizure warrant at 4025 Utopia Parkway, 1st Floor, Flushing, New York on or about September 24, 2024;

aa. approximately $31,106 in U.S. currency seized during the execution of a search and seizure warrant at 3 Vermella Way, Apartment 3054, Union, New Jersey on or about September 24, 2024;

bb. assorted jewelry, including a diamond "Trap Star" pendant and chain, a diamond "bucket" pendant, a 21-inch diamond link chain, a 23-inch diamond link chain, and two Rolex watches, seized from 43 West 47th Street, Suite 301, New York, New York pursuant to the execution of a seizure warrant on or about September 24, 2024;

cc. a Polymer 80 9mm handgun with no serial number seized from 43 West 47th Street, Suite 301, New York, New York pursuant to the execution of a seizure warrant on or about September 24, 2024;

dd. approximately 10 rounds of 9mm ammunition seized from 43 West 47th Street, Suite 301, New York, New York pursuant to the execution of a seizure warrant on or about September 24, 2024;

ee. approximately $22,570 in U.S. currency seized during the execution of a search and seizure warrant at 3800 Sunset Boulevard, Apartment D101, Renton, Washington on or about September 24, 2024;

ff. a Polymer 80 9mm handgun with no serial number seized during the execution of a search and seizure warrant at 3800 Sunset Boulevard, Apartment D101, Renton, Washington on or about September 24, 2024;

gg. a box containing approximately 50 rounds of 9mm ammunition seized during the execution of a search and seizure warrant at 3800 Sunset Boulevard, Apartment D101, Renton, Washington on or about September 24, 2024;

hh. approximately $11,780 in U.S. currency seized during the execution of a search and seizure warrant at 9421 SE Quail Ridge Court, Happy Valley, Oregon on or about September 24, 2024;

14

ii.  a Springfield Armory Hellion Bullup .223 caliber rifle, bearing serial number BBS23579, and ammunition loaded therein seized during the execution of a search and seizure warrant at 9421 SE Quail Ridge Court, Happy Valley, Oregon on or about September 24, 2024;

jj.  a Remington 700 .22 caliber rifle, bearing serial number RR07137A, with a Burriss XTR II scope attached thereto, and ammunition loaded therein seized during the execution of a search and seizure warrant at 9421 SE Quail Ridge Court, Happy Valley, Oregon on or about September 24, 2024;

kk.  a Desert Technology DTSRS Covert .243 caliber rifle, bearing serial number SRS002580, with a March FX tactical scope attached thereto, and ammunition loaded therein seized during the execution of a search and seizure warrant at 9421 SE Quail Ridge Court, Happy Valley, Oregon on or about September 24, 2024;

ll.  a Smith & Wesson M&P 357 .40 caliber handgun, bearing serial number MPX5609, and ammunition loaded therein seized during the execution of a search and seizure warrant at 9421 SE Quail Ridge Court, Happy Valley, Oregon on or about September 24, 2024;

mm.  a Glock 45 9mm handgun, bearing serial number BMFB280, and ammunition loaded therein seized during the execution of a search and seizure warrant at 9421 SE Quail Ridge Court, Happy Valley, Oregon on or about September 24, 2024;

nn.  a Sturm Ruger & Co. LCP Max handgun, bearing serial number 381426298, and ammunition loaded therein seized during the execution of a search and seizure warrant at 9421 SE Quail Ridge Court, Happy Valley, Oregon on or about September 24, 2024;

oo.  approximately $858,155 in U.S. currency seized during the execution of a search and seizure warrant at 8001 Woodmont Avenue, Apartment 406, Bethesda, Maryland on or about September 26, 2024;

pp.  assorted jewelry, including two diamond necklaces, two diamond bracelets, a gold Rolex watch, and a gold bracelet, seized during the execution of a search and seizure warrant at 8001 Woodmont Avenue, Apartment 406, Bethesda, Maryland on or about September 26, 2024;

qq.  approximately $517,226 in U.S. currency seized during the execution of a search and seizure warrant at 8 Alexander Court, Owings Mills, Maryland on or about September 26, 2024;

rr. assorted jewelry, including a diamond necklace and pendant, a diamond bracelet, and a Audemars Piguet wristwatch, seized during the execution of a search and seizure warrant at 8 Alexander Court, Owings Mills, Maryland on or about September 26, 2024;

ss. an IWI MP Uzi .22 caliber firearm, bearing serial number W1007370 seized during the execution of a search and seizure warrant at 8 Alexander Court, Owings Mills, Maryland on or about September 26, 2024;

tt. a Polymer80 9mm handgun with no serial number and with a laser sight attached thereto seized during the execution of a search and seizure warrant at 8 Alexander Court, Owings Mills, Maryland on or about September 26, 2024;

uu. approximately $34,949 in U.S. currency seized during the execution of a search and seizure warrant at 5961 Schering Road, Baltimore, Maryland on or about September 26, 2024;

vv. a .40 caliber Glock 23 handgun, bearing serial number 1ELF84045 seized during the execution of a search and seizure warrant at 5961 Schering Road, Baltimore, Maryland on or about September 26, 2024;

ww. approximately one round of .40 caliber ammunition seized during the execution of a search and seizure warrant at 5961 Schering Road, Baltimore, Maryland on or about September 26, 2024;

xx. a box containing .40 caliber ammunition seized during the execution of a search and seizure warrant at 5961 Schering Road, Baltimore, Maryland on or about September 26, 2024;

yy. approximately $23,055 in U.S. currency seized during the execution of a search and seizure warrant at 2907 Clearview Avenue, Baltimore, Maryland on or about September 26, 2024;

zz. approximately 17 rounds of Blazer 9mm ammunition seized during the execution of a search and seizure warrant at 2907 Clearview Avenue, Baltimore, Maryland on or about September 26, 2024;

aaa. approximately 50 rounds of Federal .45 caliber ammunition seized during the execution of a search and seizure warrant at 2907 Clearview Avenue, Baltimore, Maryland on or about September 26, 2024;

bbb. a magazine containing approximately 21 rounds of .45 caliber ammunition seized during the execution of a search and seizure warrant at 2907 Clearview Avenue, Baltimore, Maryland on or about September 26, 2024;

ccc. one empty 9mm magazine seized during the execution of a search and seizure warrant at 2907 Clearview Avenue, Baltimore, Maryland on or about September 26, 2024;

ddd. a black red-dot optic firearm attachment seized during the execution of a search and seizure warrant at 2907 Clearview Avenue, Baltimore, Maryland on or about September 26, 2024; and

eee. a tan and black Glock 17 handgun with a Polymer80 handle, bearing serial number AAMC230, and with an auto sear attached thereto seized from TILMON's person on or about May 13, 2024.

### Substitute Assets

6. If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 982(a)(1) and (b)(1)
21 U.S.C. § 853(a)(1) and (2)
18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)

*(signature)*
EREK L. BARRON
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 10-9-24